UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN R. FOOTE,<br><br>             Plaintiff,<br><br>     v.<br><br>EL DORADO COUNTY COURT, et al.,<br><br>             Defendants. | No.  2:23-cv-1103 KJN P<br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6   Plaintiff's Complaint

7         Plaintiff alleges the following.  He was arrested on December 29, 2022, for attempted car

8   jacking.  On or about February 20, 2022, plaintiff's public defender's investigator discovered that

9   the victim/witness had mental disabilities that would preclude the victim/witness from standing as

10  a witness, based on the victim/witness' own doctor and a statement by the victim's wife.  Despite

11  the early receipt of such information, the district attorney insisted on pursuing a conviction.  It

12  was not until the district attorney cross-examined the victim/witness that the district attorney

13  determined no conviction could be obtained.  Case No. 22CRF0006 was dismissed after a pretrial

14  hearing on or about June 14, 2022.  Upon announcing the dismissal, the district attorney stated

15  that "there is no doubt in my mind Mr. Foote committed this crime."  (ECF No. 1 at 4.)  Plaintiff

16  spent five and a half months in jail based on the malicious litigation by the county and its

17  employees, including the district attorney Casey Mandrel, and the arresting officers, as well as the

18  ineffective assistance of public defender Kyle Metting.  (Id.)  Plaintiff specifically names the

19  following as defendants:  El Dorado County Court, District Attorney Casey Mandrel, and Public

20  Defender Kyle Netting.  As relief, plaintiff seeks money damages for the false imprisonment.

21  (ECF No. 1 at 3.)

22  Discussion

23      El Dorado County Court

24        States, state agencies, and state officials cannot be sued in their official capacities for

25  money damages under § 1983 because of the protection under the Eleventh Amendment of the

26  U.S. Constitution.  Kentucky v. Graham, 473 U.S. 159, 169 (1985); Hafer v. Melo, 502 U.S. 21,

27  26-27, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state

28  officials sued in their individual capacities nor for prospective injunctive relief against state

1  officials sued in their official capacities).

2  To overcome the Eleventh Amendment bar on federal jurisdiction over suits by
individuals against a State and its instrumentalities, either the State must have "unequivocally
expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See
Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984); Virginia Office for
Protect. & Advocacy v. Stewart, 563 U.S. 247, 253-54 (2011). California has consented to be
sued in its own courts pursuant to the California Tort Claims Act, but such consent does not
extend to consent to suit in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234,
241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of
the State's Eleventh Amendment immunity), superseded by statute as stated in Lane v. Pena, 518
U.S. 187, 198 (1996). Further, the U.S. Congress has not abrogated, or waived, State sovereign
immunity against suits under § 1983.

Here, because the El Dorado County Court is a California state agency, plaintiff's claims
against it are barred under the Eleventh Amendment. See Greater Los Angeles Counsel on
Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("state case law and constitutional
provisions make clear that the Court is a state agency . . . that . . . derives its power from the State
and is ultimately regulated by the State.") (superseded by statute on other grounds). Moreover, it
appears that plaintiff "can prove no set of facts in support of his claim which would entitle him to
relief." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Therefore, plaintiff's claims against the
El Dorado County Court are dismissed without leave to amend.

District Attorney Mandrel

Prosecutors are entitled to immunity when they are acting pursuant to their official role as
advocate for the state and performing functions "intimately associated with the judicial phase of
the criminal process[.]" Imbler v. Pachtman, 424 U.S. 409, 430 (1979); Van de Kamp v.
Goldstein, 555 U.S. 335, 343-44 (2009) (district attorneys are entitled to absolute prosecutorial
immunity for conduct that is "intimately associated with the judicial phase of the criminal
process."). Activities intimately connected with the judicial phase of the criminal process include
dismissing claims, deciding when to prosecute, and deciding what witnesses and evidence to

present. Hartman v. Moore, 547 U.S. 250, 261-62 n.8 (2006); Imbler, 424 U.S. at 431 n.33. Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Here, plaintiff's allegations demonstrate that defendant Mandrel was performing duties under the official role as advocate for the state and is entitled to immunity from plaintiff's claims. Plaintiff's claims against Mandrel are dismissed without leave to amend.

Public Defender

Plaintiff names his public defender, Kyle Metting, as a defendant, and alleges Metting provided ineffective assistance of counsel.

In order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff fails to state a claim under § 1983 as to defendant Metting because Metting was not acting under color of state law. Plaintiff should not include Metting as a defendant in any amended complaint.

Leave to Amend

Plaintiff failed to name a proper defendant and did not provide sufficient allegations for the court to determine whether plaintiff can amend the complaint to state a cognizable civil rights claim. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of El Dorado County Jail, or designee, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

1 | Failure to file an amended complaint in accordance with this order may result in the
2 | dismissal of this action.
3 | Dated:  June 29, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/foot1103.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN R. FOOTE,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY COURT, et al.,<br><br>Defendants. | No. 2:23-cv-1103 KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____ Amended Complaint

DATED:

_____
Plaintiff